UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALKA A. PITTMAN** | **CIVIL ACTION** |
| **VERSUS** | **No. 21-1786** |
| **MARY C. DEVEREAUX, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is the State of Louisiana's motion[1] to dismiss the above-captioned action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff Alka Pittman ("Pittman") opposes[2] the motion. The Court will grant the motion to dismiss plaintiff's claims as to the State of Louisiana ("Louisiana") for the reasons set forth below.

### I. BACKGROUND

For the purposes of resolving the instant motion, a brief summary of the factual and procedural background will suffice. Pittman, on behalf of herself and her minor children, Treasure and August Campbell ("the Campbell children"), filed this action pursuant to 42 U.S.C. § 1983 against the State of Louisiana and several other defendants.[3] In her complaint, Pittman raises various claims pertaining to a June 24, 2020 judgment of the 22nd Judicial District Court of Louisiana in which, among other things, the court granted sole custody of the Campbell children to their father, Gerald

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 9.
[3] R. Doc. No. 1.

Campbell, Jr.[4] In its motion to dismiss, Louisiana argues that Pittman's claims against Louisiana are barred by the Eleventh Amendment, and that this Court lacks subject matter jurisdiction over Pittman's claims against Louisiana.[5] Louisiana also contends that Pittman's claims are prescribed as a matter of law.[6]

## II. STANDARD OF LAW

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Under Federal Rule of Civil Procedure 12(b)(1), "a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (citation omitted). Courts are to consider a Rule 12(b)(1) jurisdictional argument before addressing any other arguments on the merits. *Id.* (citing *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001)).

When ruling on a Rule 12(b)(1) motion, a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the

---

[4] *Id.*
[5] R. Doc. No. 8-1, at 5.
[6] *Id.* at 6–7.

2

party asserting jurisdiction." *Ramming*, 281 F.3d at 161. When a court determines that it does not have subject matter over an action, the action is dismissed without prejudice. *See, e.g., id.*; *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### III. LAW AND ANALYSIS

"The Eleventh Amendment bars citizens of a state from suing their own state or another state in federal court unless the state has waived its sovereign immunity or Congress has expressly abrogated it." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citations omitted). "[E]leventh amendment immunity is a jurisdictional issue that cannot be ignored, for a meritorious claim to that immunity deprives the court of subject matter jurisdiction of the action." *Jefferson v. La. Sup. Ct.*, 46 F. App'x 732, 732 (5th Cir. 2002). *See also Arce v. Louisiana*, No. 16-14003, 2017 WL 5619376, at *4 (E.D. La. Nov. 21, 2017) (Africk, J.) ("Sovereign immunity operates as 'a constitutional limitation on the federal judicial power.'" (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984))). Thus, absent exceptions not relevant here,[7] sovereign immunity generally bars a federal court from exercising jurisdiction over a suit against a non-consenting state. *See, e.g., Velazquez v. City of Westwego*, 531 F. Supp. 3d 1142, 1150 (E.D. La. 2021) (Africk, J.) (citing *Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011)).

The State of Louisiana correctly asserts that it has not waived its Eleventh Amendment immunity from suit in this action. *See, e.g., Holliday v. Bd. of*

---

[7] Pittman does not argue, for instance, that Louisiana has consented to suit. Nor does she argue that she is seeking injunctive relief that might be addressed by *Ex Parte Young*, 209 U.S. 123 (1908).

*Supervisors of LSU Agric. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014). Accordingly, this Court lacks subject matter jurisdiction over the State of Louisiana and plaintiff's claims against Louisiana must be dismissed. Because the Court concludes that the claims must be dismissed on this basis alone, it will not reach Louisiana's argument that the claims at issue are prescribed as a matter of law.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's claims against Louisiana are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, December 28, 2021.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**