UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALKA A. PITTMAN** | **CIVIL ACTION** |
| **VERSUS** | **No. 21-1786** |
| **MARY C. DEVEREAUX, ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is *pro se* plaintiff Alka Pittman's ("Pittman") motion[1] for reconsideration of this Court's order[2] dismissing defendant, the State of Louisiana ("Louisiana") for lack of subject matter jurisdiction. Louisiana opposes[3] the motion. Pittman filed a reply[4] in support of the motion. For the reasons that follow, the motion will be denied.

### I.

For the purposes of resolving the instant motion, a brief summary of the factual and procedural background will suffice. Pittman, on behalf of herself and her minor children, Treasure and August Campbell ("the Campbell children"), filed this action pursuant to 42 U.S.C. § 1983 against Louisiana and several other defendants.[5] In her complaint, Pittman raises various claims pertaining to a June 24, 2020 judgment of the 22nd Judicial District Court of Louisiana in which, among other things, the court

---

[1] R. Doc. No. 17.
[2] R. Doc. No. 11.
[3] R. Doc. No. 25.
[4] R. Doc. No. 29.
[5] R. Doc. No. 1.

granted sole custody of the Campbell children to their father, Gerald Campbell, Jr.[6] Louisiana filed a motion to dismiss, arguing that Pittman's claims against Louisiana are barred by the Eleventh Amendment, and therefore that this Court lacks subject matter jurisdiction over Pittman's claims against Louisiana.[7] The Court concurred, and granted the motion, dismissing Louisiana from the action.[8]

## II.

In her motion to reconsider, Pittman's central argument appears to be that her complaint raises human rights claims rather than civil rights claims, and that Louisiana does not enjoy Eleventh Amendment immunity against such claims.[9]

Pittman does not cite the Federal Rules of Civil Procedure in her motion; however, the Court will construe her pleading as a Rule 59(e).[10] A motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation marks omitted). "A court's reconsideration of a prior order is an extraordinary remedy which should be used only sparingly." *Flynn*

---

[6] *Id.*
[7] R. Doc. No. 8-1, at 5.
[8] R. Doc. No. 11.
[9] *See generally* R. Doc. No. 17.
[10] "If [a motion for reconsideration] is filed within twenty-eight days of the judgment, then it falls under Rule 59(e)" rather than Rule 60(b). *Thompson v. Dep't of the Interior United States*, No. 16-17542, 2018 WL 4909910, at *2 (E.D. La. Oct. 10, 2018) (Barbier, J.) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). The order dismissing Louisiana was issued on December 28, 2021; Pittman filed the motion to reconsider on January 11, 2022.

*v. Terrebonne Par. Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004) (Vance, J.). The Court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." *Edward H. Bohlin Co., v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The Court has considerable discretion to grant or deny a Rule 59(e) motion. *See id.*

To prevail on a Rule 59(e) motion, the moving party must satisfy at least one of the following criteria: "(1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." *Theriot v. Brit Sys., Inc.*, No. 11-1995, 2013 WL 12238852, at *1 (E.D. La. Apr. 23, 2013) (Africk, J.) (quoting *Jupiter v. BellSouth Telecomms., Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.)).

Pittman's motion supplies no basis for relief under these criteria. Pittman has not presented new evidence. Pittman has not identified, nor is the Court aware of, any intervening change in controlling law, nor any "manifest errors of law or fact upon which the judgment is based." The Court can identify no basis for concluding that the granting of Pittman's motion "is necessary in order to prevent manifest injustice."

## III.

In sum, the Court can identify no reason why the extraordinary remedy of relief pursuant to Rule 59(e) should be granted. Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, February 14, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**