UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALKA A. PITTMAN** | **CIVIL ACTION** |
| **VERSUS** | **No. 21-1786** |
| **MARY C. DEVEREAUX, ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] by defendants, Ernest Anderson, Suellen Richardson, and Phyllis Gremillion (collectively, "defendants") to dismiss plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6). Plaintiff Alka Pittman ("Pittman") opposes[2] the motion. For the reasons that follow, the Court will grant the motion. Additionally, because the Court concludes that it lacks subject matter jurisdiction in the instant action, it will dismiss plaintiff's claims as to all remaining defendants.

### I. BACKGROUND

For the purposes of resolving the instant motion, a brief summary of the factual and procedural background will suffice. In her complaint for violation of civil rights, Pittman alleges that, on June 10, 2020, she appeared for a hearing before Judge Mary C. Devereux, and she alleges that Judge Devereux muted her microphone during the hearing.[3] Pittman also raises various claims pertaining to a June 24, 2020 judgment of the 22nd Judicial District Court of Louisiana in which, among other things, the

---

[1] R. Doc. No. 26.
[2] R. Doc. No. 35.
[3] R. Doc. No. 1, at 7.

court granted sole custody of the Campbell children to their father, Gerald Artis Campbell, Jr. ("Campbell").[4]

In addition to movants, who are hearing officers at the 22nd Judicial District Court,[5] plaintiff named Campbell, Judge Devereux, Shandy Arguelles, Joelann Rousell, Kathy Taylor, DCFS, and the State of Louisiana as defendants in this action.[6] In her civil rights complaint form, plaintiff alleges that defendants violated her federal constitutional rights of due process, liberty, privacy; her rights under the Fourth Amendment to the U.S. Constitution; and her right to a fair trial under the Louisiana Constitution.[7] She also includes "[defamation] of character" in the complaint form.[8] Finally, she cites to 18 U.S.C. §§ 241, 242, and 1091.[9] She does not specify which defendants violated which of the constitutional provisions and statutes that she cites. With respect to relief, plaintiff requests that her children be returned to her custody.[10]

---

[4] *Id.*
[5] R. Doc. No. 26-1, at 1–2.
[6] *Id.* at 1.
[7] *Id.* at 6.
[8] *Id.*
[9] *Id.*
[10] Plaintiff cites to 18 U.S.C. § 1091, which criminalizes genocide, ostensibly as a basis to recover some amount of monetary damages from unspecified defendants. *Id.* Plaintiff provides language from said statute regarding the imposition of a fine not exceeding $1,000,000, and states that "[t]his will help me with being able to properly care for my children as well as myself with no longer having or needing the [assistance] of the children['s] father with child support or the court system having to be involved in any financial discrepancies." *Id.* Although this claim is not entirely clear, it seems that plaintiff is seeking to recover monetary damages of some kind.

In their motion to dismiss, defendants argue that Pittman's claims are barred by the Eleventh Amendment, the *Rooker-Feldman* doctrine, and the domestic relations exception.[11] Additionally, defendants submit that plaintiff has failed to state a claim upon which relief can be granted.[12] Finally, defendants argue that any claim against Gremillion is prescribed as a matter of law.[13]

## II. STANDARD OF LAW

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Under Federal Rule of Civil Procedure 12(b)(1), "a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (citation omitted). Courts are to consider a Rule 12(b)(1) jurisdictional argument before addressing any other arguments on the merits. *Id.* (citing *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001)).

When ruling on a Rule 12(b)(1) motion, a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315

---

[11] R. Doc. No. 26, at 1.
[12] R. Doc. No. 26-1, at 9–10.
[13] *Id.* at 10–11.

3

(5th Cir. 2009)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161. When a court determines that it does not have subject matter over an action, the action is dismissed without prejudice. *See, e.g., id.*; *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### III. LAW AND ANALYSIS

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). If a state court errs in judgment, the judgment must be "reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." *Id.* (citations omitted).

"The casting of a complaint in the form of a civil rights action cannot circumvent this rule[.]" *Id.* "When a § 1983 suit is 'inextricably intertwined' with a state-court judgment such that the suit is, essentially, an attack on that judgment, district courts lack original jurisdiction over the suit." *Batista v. Carter*, 796 F. App'x 209, 210 (5th Cir. 2020) (citing *Liedtke*, 18 F.3d at 317–18).

Plaintiff seeks to regain custody of her children. Although plaintiff "does not explicitly ask to overturn the state-court judgment, [her] suit in essence challenges the soundness of that judgment" and impermissibly seeks to circumvent it. *Id.* As noted *supra*, n.10, plaintiff also appears to request damages, although the complaint is unclear. To the extent plaintiff requests damages, they are "inextricably intertwined" with the state court judgment that she effectively seeks to challenge.

*Batista*, 796 F. App'x at 210; *see also, e.g.*, *Falkenhorst v. Harris Cnty. Children's Protective Servs.*, 711 F. App'x 228 (5th Cir. 2018) (*Rooker-Feldman* barred § 1983 action in which plaintiff-appellant sought monetary damages and full custody of his child, following state court's termination of his parental rights); *Moore v. Whitman*, 742 F. App'x 829, 831–32 (5th Cir. 2018) (*Rooker-Feldman* barred § 1983 action in which plaintiff-appellant sought damages and an injunction halting the adoption of her niece, which had been authorized through a state court judgment); *Turner v. Chase*, 334 F. App'x 657, 660 (5th Cir. 2009) (§ 1983 action, in which plaintiff-appellant sought to challenge a state court divorce judgment and requested damages, "falls squarely . . . in the *Rooker–Feldman* doctrine").

Because plaintiff seeks the above-described relief as to all defendants—not merely the defendants who have filed the instant motion to dismiss—the Court concludes that it lacks subject matter jurisdiction over the instant action in its entirety, pursuant to the *Rooker-Feldman* doctrine. The Court will therefore dismiss plaintiff's claims as to all remaining defendants in this action. *See Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (courts may dismiss an action *sua sponte* for lack of subject matter jurisdiction).[14] Accordingly,

---

[14] Because the Court concludes that plaintiffs' claims are precluded by the *Rooker-Feldman* doctrine, it declines to reach defendants' arguments pertaining to the Eleventh Amendment and the domestic relations exception. Additionally, because the Court dismisses plaintiff's claims for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), the Court need not reach defendants' arguments pertaining to Rule 12(b)(6) and prescription. *See In re FEMA*, 668 F.3d at 286. Finally, to the extent that plaintiff intended to raise a claim pursuant to the Louisiana Constitution, the Court will not exercise supplemental jurisdiction over this claim, because the Court lacks subject matter jurisdiction over any of plaintiff's federal claims.

**IT IS ORDERED** that the motion to dismiss is **GRANTED** and plaintiff's claims as to Ernest Anderson, Suellen Richardson, and Phyllis Gremillion are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's claims as to all remaining defendants—Shandy Arguelles, Kathy Taylor, Gerald Artis Campbell, Jr., and DCFS—are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all other pending motions[15] are **DISMISSED AS MOOT**.

New Orleans, Louisiana, April 25, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. Nos. 31, 34, 36.